**In the Interest of K.E.B., E.K.B., K.B., M.E.B., and M.J.B., Respondents,**

v.

**H.G.B., Appellant.**

**No. 55660.**

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 28, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 21, 1989.

Prudence Fink Johnson, Carlson & Associates, Union, for appellant.

Timothy Joseph Melenbrink, Hansen, Steinberger, Brown & Downard, Union, for respondents.

PER CURIAM.

H.G.B. (father) appeals from a full order of protection entered pursuant to Section 455.516, RSMo (1986) that restricted, *inter alia,* his visitation rights to his son, K.B. We find the issues raised to be moot and grant the motion of M.J.B. (mother) to dismiss the appeal.

H.G.B. married M.J.B. having four children by the marriage: K.E., E.K., K.B., & M.E. The couple later obtained a decree of dissolution of their marriage. Mother then obtained a full order of protection that reinforced the custody provisions and visitation rights awarded in the couple's decree of dissolution of their marriage, ordered counseling for father and K.B., and further ordered that father's visitation and temporary custody rights to K.B. be directly su-

pervised by father's parents. Father filed his appeal from this order, but the order expired by its own terms while father's appeal was pending.

The appellate court will not retain jurisdiction where the case has become moot. *Warren v. Warren*, 601 S.W.2d 683, 687 (Mo.App.1980). A case is moot if an event occurs which makes a decision on appeal unnecessary or which makes it impossible for the appellate court to grant effectual relief. *Grogan v. Hays*, 639 S.W.2d 875, 877 (Mo.App.1982). Thus, a case on appeal becomes moot when the issue for review ceases to live. *Id.* Here, the full order of protection has expired.