**Shelley OPLOTNIK, Respondent,**

v.

**Tammy ALEXANDER, Appellant.**

**No. WD 61451.**

Missouri Court of Appeals,
Western District.

June 3, 2003.

Shelley Oplotnik, Kansas City, pro se.

Brian C. Greer, Kansas City, for appellant.

Before HOWARD, P.J., and LOWENSTEIN and HARDWICK, JJ.

VICTOR C. HOWARD, Presiding Judge.

Tammy Alexander appeals from the trial court's judgment granting a full order of protection to her neighbor, Shelley Oplotnik, pursuant to the Adult Abuse Act, §§ 455.010 to 455.085 RSMo 2000. In her sole point on appeal, Alexander claims the trial court erred in issuing an extension of the order of protection to Oplotnik against her because Oplotnik did not meet her burden of proof by a preponderance of the evidence that the expiration of the full order of protection would place Oplotnik in an imminent and present danger of abuse.

We dismiss the appeal as moot.

## Facts

On February 16, 2001, Shelley Oplotnik filed a petition for order of protection against her neighbor, Tammy Alexander. In the petition, Oplotnik stated that Alexander had repeatedly harassed her by "coming after me on my property, threatening abuse several times in front of police, once in front of her brother, driving through my yard, dumping front door in my yard, pounding on the walls." She listed the dates as 7/00, 1/01, 2/15/01, and 12/01. Oplotnik further stated that Alexander said, "I'm going to kick your white ass," and that Alexander said Oplotnik "is a white ass bitch."

Also on February 16, 2001, Oplotnik filed a motion to issue summons, requesting that the matter be set for hearing and that a summons be issued to Alexander. The same day, the circuit court issued an ex parte order of protection, ordering Al-

exander not to abuse, threaten to abuse, molest, stalk, or disturb the peace of Oplotnik or enter Oplotnik's premises. The order stated that the hearing would be held on February 28, 2001, and that service was issued on February 22, 2001.

On February 28, 2001, the court issued a first amended ex parte order of protection against Alexander. The order stated that the hearing would be held on March 14, 2001, and that service was issued on March 2, 2001.

On March 14, 2001, the court issued a second amended ex parte order of protection against Alexander. The order stated that the hearing would be on March 28, 2001, and that service was issued on March 15, 2001.

On March 28, 2001, the court issued a full order of protection ordering Alexander to not abuse, threaten to abuse, molest, stalk, or disturb the peace of Oplotnik; to not communicate with Oplotnik in any manner or through any medium; and to not enter Oplotnik's premises. The full order of protection indicates that Oplotnik and Alexander appeared in person on March 28, 2001, that the "matter was heard," and that notice and a copy of the petition were served to Alexander at least three days prior to the hearing.

On March 18, 2002, Oplotnik filed a motion for extension of full order of protection, in which she stated that the allegations set forth in the petition for order of protection still existed. She then listed the following: "disturbing—harassment—calling police—pounding on walls. Driving on my property—Staring at me for long periods. Yelling through walls." The same day, the court entered an interim ex parte order of protection.

On April 1, 2002, the court entered a first interim ex parte order of protection. On April 12, 2002, the court entered an interim second amended ex parte order of protection.

On April 29, 2002, the court held a hearing on the motion to extend the order of protection. At the hearing, Oplotnik testified that she believed she was still in danger as a result of Alexander's conduct. She testified that the information she gave the court in her extension motion was true, and that "[s]ome of the things from before aren't as much." When asked if it would be correct to say that she did not like Alexander, Oplotnik replied that she had "never had a problem with her. She is the one that's coming off to me." She testified that she needed an order of protection because Alexander would chase her down to her car and she had to go get the police to be escorted in, that Alexander called her names, and that Alexander had been "very close to [her] face" in front of Alexander's brother. Oplotnik further testified that Alexander had taken balls and thrown them against the wall all night, called the police falsely, driven through her yard, and glared at her.

Alexander testified that she had never threatened Oplotnik, that she never intended to harm Oplotnik's child, and that she had never intended to stalk Oplotnik or wait outside Alexander's residence. When asked if it was safe to say that she believed she and Oplotnik did not like each other, Alexander replied, "Of course." Alexander testified that she had never threatened or touched Oplotnik.

Following the hearing, on April 29, 2002, the court entered a full order of protection extending the original full order of protection. The order expired April 28, 2003. This appeal follows.

## Argument

Alexander's sole point on appeal is that the trial court erred in issuing an extension of the order of protection to Oplotnik

against her because Oplotnik did not meet her burden of proof by a preponderance of the evidence that the expiration of the full order of protection would place Oplotnik in an imminent and present danger of abuse. Alexander contends that (1) she and Oplotnik are neighbors living in an attached duplex that shares a driveway and have occasion to see each other; (2) Oplotnik did not allege with specificity acts of any abuse, harassment, or stalking to prove she was in imminent and present danger; and (3) even if the acts alleged by Oplotnik occurred, the acts did not constitute stalking in that they were not a course of conduct, and a reasonable person would not suffer substantial emotional distress based upon such conduct.

 Because the full order of protection expired on April 28, 2003, and the record does not indicate that the order was extended, we find that the appeal of the grant of full order of protection is moot. *McGrath v. McGrath,* 939 S.W.2d 46, 47 (Mo.App. W.D.1997). We recognize that dismissal is discretionary in a moot case, and that we can exercise our jurisdiction where an appeal presents an issue which (1) is of general public interest and importance; (2) will evade appellate review unless the court exercises its special jurisdiction; and (3) will recur. *Id.* Because this appeal concerns only the sufficiency of the evidence to support the trial court's order and presents no issue of public importance which has not been decided, we conclude that it would be inappropriate to invoke our special jurisdiction to decide this appeal on its merits. *See In Interest of L.W.,* 882 S.W.2d 290, 291 (Mo.App. W.D. 1994). The appeal is dismissed as moot.

LOWENSTEIN and HARDWICK, JJ., concur.