**Chris JOHNSON,
Petitioner/Respondent,**

v.

**Norman MEYER,
Respondent/Appellant.**

**No. ED 81430.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 10, 2003.

---

1. All subsequent statutory citations are to RSMo 2000, unless otherwise noted.

Chris Johnson, pro se.

Charles E. Berry, Berry & Leibrecht, L.L.C., St. Louis, MO, for appellant.

Before PAUL J. SIMON, P.J., GARY M. GAERTNER, SR., J. and KATHIANNE KNAUP CRANE, J.

PER CURIAM.

Appellant, Norman Meyer, appeals from an order of protection granted to petitioner, Chris Johnson, pursuant to Section 455.010 et seq. RSMo (2000). We dismiss this appeal as moot.

Petitioner filed a petition for order of protection on May 16, 2002. The court issued an ex parte order of protection. After trial on May 28, 2002, the court issued a Full Order of Protection in favor of petitioner and ordered appellant not to stalk, abuse, threaten, molest or disturb the peace of petitioner, and not to communicate with petitioner in any manner or enter or stay upon premises of petitioner.

On May 27, 2003, during the pendency of this appeal, the protection order expired and is no longer in effect.[1] A case is moot where an event has occurred that makes the court's decision unnecessary or makes it impossible for the court to grant effectual relief. *Rosenfeld v. Thoele*, 28 S.W.3d 446, 451 (Mo.App.2000). This appeal is therefore moot. *See In the Interest of L.W.*, 882 S.W.2d 290 (Mo.App.1994); *K.E.B. v. H.G.B.*, 782 S.W.2d 85 (Mo.App. 1989).

However, even if an issue is moot, we may exercise our jurisdiction when an appeal presents an issue that is of general public interest and importance and will evade appellate review unless the court exercises its jurisdiction. *Hannah v.*

*McCubbin*, 21 S.W.3d 125, 126 (Mo.App. 2000).

Appellant asserts in a footnote to his brief that the order of protection would not become moot upon its expiration because "the entry of an order of protection automatically prohibits [him] from possessing firearms under the so-called 'Brady Bill,' 18 U.S.C. Section 922(g)(8)...." However, that section appears to only prohibit the appellant from possessing a firearm while he is "subject to the court order." After it expires, the appellant will no longer be subject to the court order. On May 15, 2003, we issued an order to show cause on or before May 27, 2003, why this appeal should not be dismissed because it is moot. Appellant did not respond to this order. We have not been presented with any reason to exercise our jurisdiction of this appeal and therefore dismiss the appeal as moot.

Appeal dismissed.

---

1. We note that docketing and submission of this appeal were delayed because of difficulties appellant experienced in obtaining the transcript and because of a continuance granted at appellant's request. But for those delays, it would have been possible to issue an opinion on the merits before the order expired.