Jane Daily SNYDER, Respondent,

v.

Eric J. SNYDER, Appellant.

No. ED 82507.

Missouri Court of Appeals,
Eastern District,
Division One.

June 22, 2004.

Eric J. Snyder, St. Charles, pro se.

Michael L. Schechter, Anne E. Lageson, Clayton, for respondent.

Before GARY M. GAERTNER, SR., P.J. and ROBERT G. DOWD, JR. and MARY R. RUSSELL, JJ.

PER CURIAM.

Eric J. Snyder (Husband) filed his notice of appeal on February 7, 2003. In his notice of appeal, Husband asserted he was appealing two separate cases, No. 00FC–6490 and No. 00FC–6523. The two cases each involve petitions for orders of protection. We dismiss the appeal.

Various jurisdictional issues have been raised concerning this appeal. On our own motion, we took those jurisdictional issues with the case. We now address those jurisdictional issues.

In cause No. 00FC–6490, the trial court entered a full order of protection on July 16, 2001, and ordered Husband not to stalk, abuse, threaten to abuse, molest or disturb the peace of Jane D. Snyder (Wife) and ordered Husband not to communicate with Wife in any manner or through any medium nor to enter or stay upon the premises of Wife's dwelling. The order of protection was to expire on July 16, 2002. On July 7, 2002, Wife filed a motion for renewal of the order of protection, which was granted on September 30, 2002 to expire on September 30, 2003. On September 30, 2003, during the pendency of this appeal, the order of protection expired and is no longer in effect.

Because the order of protection is no longer in effect, the appeal is moot. A case is moot where an event has occurred that makes the court's decision unnecessary or makes it impossible for the court to grant effectual relief. *Flaherty v. Meyer*, 108 S.W.3d 131, 132 (Mo.App. E.D. 2003). A decision by this court concerning an order of protection that is no longer in effect is unnecessary and it is impossible for us to grant any relief. This appeal is therefore moot. Husband's appeal regarding cause No. 00FC–6490 is dismissed as moot.

We now turn to Husband's appeal of cause No. 00FC–6523. In cause No. 00FC–6523, Husband filed a petition for an order of protection against Wife. On July 16, 2001, the trial court issued an order dismissing the cause for failure to prosecute. The order did not state whether the dismissal was with or without prejudice. However, a dismissal failing to indicate that it is with prejudice is deemed to be without prejudice. Rule 67.03; *Jeffrey v. Cathers*, 104 S.W.3d 424, 428 (Mo.App. E.D.2003). A dismissal without prejudice is not a final judgment and, therefore, cannot be appealed.[1] *Id.*

Furthermore, the trial court's order is not denominated a judgment as required by Rule 74.01(a). An aggrieved party may

1. A party can appeal from a dismissal without prejudice if the dismissal has the practical effect of terminating the action in the form cast. *Jeffrey*, 104 S.W.3d at 428. This rule, however, does not apply to the present dismissal.

only appeal from a final judgment. Section 512.202, RSMo 2000. In a civil case, a judgment is a writing both signed by a judge and denominated a "judgment." Rule 74.01(a); *Martin v. Morgan,* 101 S.W.3d 336, 337 (Mo.App.E.D.2003). Here, the order dismissing Husband's petition is not denominated a judgment. As a result, there is no final, appealable judgment. Husband's appeal of cause No. 00FC–6523 is therefore dismissed for lack of a final, appealable judgment.

Wife filed a motion to strike Husband's brief, dismiss Husband's appeal, and for damages for frivolous appeal that was taken with the case. Wife's motion is denied.

Appeal dismissed.