Thomas E. REAY,
Plaintiff/Respondent,

v.

Steven M. PHILIPS,
Defendant/Appellant.

No. ED 85974.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 30, 2005.

Thomas Reay, Florissant, MO, Respondent acting pro se.

Steven Philips, Florissant, MO, pro se.

GLENN A. NORTON, Chief Judge.

Steven Philips (Appellant) appeals from the judgment and full order of protection entered against him and in favor of Thomas Reay (Respondent). We dismiss the appeal as moot.

The parties in this case are neighbors. On February 10, 2005, Respondent filed a petition seeking an order of protection against Appellant. In the petition, Respondent alleged that Appellant had assaulted him and was stalking him. After a hearing on February 28, 2005, the trial court entered a judgment and full order of protection. The judgment further stated "This order shall be effective until (date) 6/28/05, unless sooner terminated or extended." Respondent appeals to this Court. On June 28, 2005, during the pendency of this appeal, the order of protection expired.

A case is moot where an event occurs that makes the court's decision unnecessary or makes it impossible for the court to grant effectual relief. *Flaherty v. Meyer*, 108 S.W.3d 131, 132 (Mo.App. E.D. 2003). A decision by this Court regarding an order of protection that has expired is unnecessary and it is impossible for us to grant any relief. *Snyder v. Snyder*, 136 S.W.3d 843 (Mo.App. E.D.2004). Therefore, this appeal is moot.

This Court has a duty to examine its jurisdiction *sua sponte*. *Talbot v. Union Elec. Co*, 157 S.W.3d 376, 378 (Mo.App.

E.D.2005). We issued an order to Appellant directing him to show cause why his appeal should not be dismissed as moot. Appellant filed a response. He contends this matter is a blemish on his legal record and he wants to have it expunged from his record. Even if an appeal is moot, we may exercise our jurisdiction when an appeal presents an issue of "general public interest and importance" that will evade appellate review. *Flaherty*, 108 S.W.3d at 132. Although Appellant may believe he has compelling personal reasons for his appeal, which in his mind would warrant our review, this is not the type of case falling within the general public interest exception.

The appeal is dismissed as moot.

KATHIANNE KNAUP CRANE J., and BOOKER T. SHAW, J. concur.