Darryl Ann JENKINS, Respondent,

v.

Jamie McLEOD, Appellant.

No. ED 88540.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 21, 2007.

Michael H. Maguire, Cape Girardeau, MO, for Respondent.

Malcolm Henry Montgomery, Cape Girardeau, MO, for Appellant.

## *OPINION*

GLENN A. NORTON, J.

Jamie McLeod appeals the trial court's judgment granting Darryl Ann Jenkins a full order of protection against her pursuant to the Missouri Adult Abuse Act, sections 455.010–455.090 RSMo Cum.Supp. 2004.[1] We dismiss for mootness.

1. Unless otherwise indicated, all statutory ref-

## I. BACKGROUND

Darryl Ann was employed at the Branding Iron along with Chris McLeod, Jamie's husband. Darryl Ann had brought Adam Sahaida as her date to the Branding Iron employee appreciation dinner. Following a physical confrontation between Chris and Sahaida, Jamie screamed threats at Darryl Ann that, "if my husband [Chris] loses his job over this … I will beat the shit out of you … Your life is over … I will find you." Jamie and Chris were "in and out" of the restaurant at least two more times and Jamie made similar threats to Darryl Ann before they finally left the premises.

Darryl Ann obtained a temporary protection order against both Jamie and Chris. During the period in which the temporary order of protection was in effect, Jamie visited the restaurant more than once, and called the cashiers of the restaurant with threats of putting sugar in the gas tanks of the cars in the parking lot.

On January 18, 2006, Darryl Ann filed a petition requesting an adult abuse protective order against Jamie, which the court granted on the grounds that Darryl Ann had factually alleged stalking in her testimony. Jamie timely filed her notice of appeal on August 17, 2006.

## II. DISCUSSION

■ Although the issue was not raised on appeal, Darryl Ann's protective order against Jamie expired on July 11, 2007. Nothing in the record indicates that the order was extended, and we must therefore assume the issue is moot.

■ Missouri courts do not decide moot issues, although there are two exceptions in which hearing a moot appeal is within the court's discretion. *In re Dunn*, 181

erences are to RSMo Cum.Supp.2004.

S.W.3d 601, 604 (Mo.App. E.D.2006) (internal citations omitted). The first occurs when a case becomes moot after it has been submitted and argued. *Id.* The second is when the moot issue is of general public interest and importance, recurring in nature, and will otherwise evade appellate review. *Id.*

■ The public interest exception "is very narrow ... and if an issue of public importance in a moot case is likely to be present in a future live controversy practically capable of review, [this] exception does not apply." *Kinsky v. Steiger,* 109 S.W.3d 194, 196 (Mo.App. E.D.2003) (internal citations omitted). Under this standard, Missouri courts have held that challenges to the sufficiency of the evidence concerning lapsed protective orders under the Adult Abuse Act are not of adequate public interest to require appellate review. *See, e.g., Reay v. Philips,* 169 S.W.3d 896, 897 (Mo.App. E.D.2005); *Oplotnik v. Alexander,* 105 S.W.3d 923, 925 (Mo.App. W.D. 2003); *McGrath v. McGrath,* 939 S.W.2d 46, 47 (Mo.App. W.D.1997); *Pope v. Howard,* 907 S.W.2d 257, 258–59 (Mo.App. W.D.1995); *In Interest of L.W.,* 882 S.W.2d 290, 291 (Mo.App. W.D.1994).

Here, the issue raised on appeal does not go beyond the sufficiency of the evidence to support the grant of the full order of protection. Jamie argues only that the evidence presented at trial was inadequate to establish that she had stalked Darryl Ann. Moreover, Jamie's appeal became moot prior to submission to this Court, as the protective order lapsed on July 11, 2007, while the appeal was not submitted until August 15, 2007. We therefore decline to exercise our discretion to decide the issue.

### III. CONCLUSION

We decline to exercise our discretion to hear Jamie's moot appeal of the grant of a full order of protection against her pursuant to the Adult Abuse Act because her appeal does not fall within the public interest exception to the mootness doctrine. Therefore, the appeal is dismissed.

ROY L. RICHTER, P.J., and CLIFFORD H. AHRENS, J., concur.