**T.D.H., Petitioner/Respondent,**

v.

**John O'CONNELL,
Respondent/Appellant.**

**No. ED 89929.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 20, 2008.

Application for Transfer Denied
Aug. 26, 2008.

Mary J. Lake, Hillsboro, MO, for appellant.

Victor J. Melenbrink, Stanley D. Schnaare, The Schnaare Law Firm, P.C., Hillsboro, MO, for respondent.

Before KATHIANNE KNAUP CRANE, P.J., ROBERT G. DOWD, JR., J., and KENNETH M. ROMINES, J.

PER CURIAM.

Respondent appeals from the judgment of the trial court entering a full order of protection against him pursuant to the Adult Abuse Act, sections 455.010 through 455.090 RSMo (Cum.Supp.2006). His sole claim on appeal is a challenge to the sufficiency of the evidence. The order of protection expired on September 17, 2007, and the case was not submitted until May 6,

---

**1.** All references to "Rule" are to Missouri Supreme Court Rules (2008).

2008. We dismiss the appeal because it is moot.

Respondent, John O'Connell, and petitioner, T.D.H., were neighbors. On December 19, 2006, petitioner filed an Adult Abuse/Stalking Petition for Order of Protection against respondent. After a hearing, the trial court entered a written Full Order of Protection against respondent that was effective until September 18, 2007.

■ The full order of adult protection expired on September 18, 2007, and this appeal was not submitted until May 6, 2008, making it moot. *Reay v. Philips,* 169 S.W.3d 896 (Mo.App.2005); *Snyder v. Snyder,* 136 S.W.3d 843 (Mo.App.2004); *Flaherty v. Meyer,* 108 S.W.3d 131, 132 (Mo.App.2003). As a general rule, moot cases must be dismissed. *Kinsky v. Steiger,* 109 S.W.3d 194, 195 (Mo.App.2003). *See, e.g. Reay,* 169 S.W.3d at 896–97; *Snyder,* 136 S.W.3d at 843; *Flaherty,* 108 S.W.3d at 132. However, there are two narrow exceptions to this rule. *See Kinsky,* 109 S.W.3d at 196. The first applies to a case that becomes moot after argument and submission. *Id.* That is not the case here. The second exception applies if the case presents an issue that "(1) is of general public interest and importance, (2) will recur, and (3) will evade appellate review in future live controversies." *Id.* If either exception applies, the appellate court's decision to dismiss for mootness becomes discretionary rather than mandatory. *Id.*

This court has treated challenges to the sufficiency of the evidence to support lapsed protective orders under the Adult Abuse Act as not being adequate public interest to fall within the "public interest" exception. *See Jenkins v. McLeod,* 231 S.W.3d 833, 835 (Mo.App.2007) *Jenkins v. McLeod,* 231 S.W.3d 831, 833 (Mo.App. 2007). We have also held that a respondent's moot appeal seeking only personal vindication does not fall within the public interest exception. *Reay,* 169 S.W.3d at 897.

■ Respondent relies on *Glover v. Michaud,* 222 S.W.3d 347, 350–351 (Mo.App. 2007). *Glover* involved an appeal from an expired full order of protection in which one of the issues was a challenge to the sufficiency of the evidence. The Southern District of the Court of Appeals determined that the appeal fell within the public interest exception in that case and then exercised its discretion to review the sufficiency of the evidence claim on the merits. Judicial discretion is defined as the "exercise of judgment by a judge or court based on what is fair under the circumstances and guided by the rules and principles of law; a court's power to act or not act when a litigant is not entitled to demand the act as a matter of right." BLACK'S LAW DICTIONARY 479 (7th ed.1999). The fact that the Court of Appeals exercised its discretion to review the appeal in the circumstances presented by *Glover* does not govern our exercise of discretion in the circumstances presented in this case.

In this case, the issue on appeal does not go beyond the sufficiency of the evidence. We have reviewed the petitioner's contentions and conclude there is no issue of adequate public interest in this appeal that would give us discretion to review his claim, and over which we would exercise that discretion. We therefore dismiss the appeal as moot.

The appeal is dismissed.