Peggy R. CARLISLE,
Plaintiff/Respondent,

v.

George W. CARLISLE, Jr.,
Defendant/Appellant.

No. ED 91116.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 10, 2009.

George W. Carlisle, Jr., St. Peters, pro se.

Peggy R. Carlisle, St. Peters, pro se.

## OPINION

MARY K. HOFF, Judge.

George W. Carlisle, Jr. (Husband) appeals from the trial court's judgment granting Peggy R. Carlisle (Wife) a full order of protection against him pursuant to the Missouri Adult Abuse Act, Sections 455.010–455.090, RSMo Cum. Supp. 2006.[1] We dismiss for mootness.

### Factual and Procedural Background

Wife filed a petition for order of protection on October 12, 2007. The trial court issued an ex parte order of protection. After a hearing on November 7, 2007, the trial court issued a Full Order of Protection by Default in favor of Wife and ordered Husband not to stalk, abuse, threaten, molest or disturb the peace of Wife, and not to communicate with her in any manner or enter or stay upon her premises.

---

1. Unless otherwise indicated, all statutory references are to RSMo Cum. Supp. 2006.

On November 6, 2008, during the pendency of this appeal, the protection order expired and is no longer in effect.

### Discussion

■ Husband raises eight points on appeal essentially challenging the sufficiency of the evidence to support the issuance of an order of protection. Before considering the merits of Husband's claims, however, we must first determine whether or not we have jurisdiction to decide the appeal. *Reay v. Philips,* 169 S.W.3d 896 (Mo.App. E.D.2005). Here, Husband's protective order expired on November 6, 2008. Nothing in the record indicates that the order was extended, and we must therefore assume the issue is moot.

■ Missouri courts do not decide moot issues. *Jenkins v. McLeod,* 231 S.W.3d 833, 834–35 (Mo.App. E.D.2007). A case is moot where an event occurs that makes the court's decision unnecessary or makes it impossible for the court to grant effectual relief. *Reay,* 169 S.W.3d at 896. There are two exceptions in which hearing a moot appeal is within the court's discretion. *Jenkins,* 231 S.W.3d at 834–35.

■ The first occurs when a case becomes moot after it has been submitted and argued. *Id.* That is not the case here. The second is known as the "public interest exception," which is very narrow and applies if the case presents an issue that "(1) is of general public interest and importance, (2) will recur, and (3) will evade appellate review in future live controversies." *T.D.H. v. O'Connell,* 258 S.W.3d 850, 851 (Mo.App. E.D.2008) (*quoting Kinsky v. Steiger,* 109 S.W.3d 194, 196 (Mo. App. E.D.2003)). Under this standard, Missouri courts have held that challenges to the sufficiency of the evidence concerning lapsed protective orders under the Adult Abuse Act do not present an issue of public interest requiring appellate review.

*See Reay,* 169 S.W.3d at 897; *Flaherty v. Meyer,* 108 S.W.3d 131, 132 (Mo.App. E.D. 2003); *Oplotnik v. Alexander,* 105 S.W.3d 923, 925 (Mo.App. W.D.2003); *McGrath v. McGrath,* 939 S.W.2d 46, 47 (Mo.App. W.D.1997); *Pope v. Howard,* 907 S.W.2d 257, 258–59 (Mo.App. W.D.1995).

Although Husband may believe he has compelling personal reasons for his appeal, which in his mind would warrant our review, this is not the type of case falling within the general public interest exception.

### Conclusion

We decline to exercise our discretion to hear Husband's moot appeal of the grant of a full order of protection against him pursuant to the Adult Abuse Act because his appeal does not fall within either exception to the mootness doctrine. The appeal is dismissed.

NANNETTE A. BAKER, Chief Judge and KATHIANNE KNAUP CRANE, Judge, Concur.