**M.W., Petitioner/Respondent,**

v.

**Robert B. MABRY,
Respondent/Appellant.**

**No. ED 90771.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 17, 2009.

Alan E. Freed, Paule, Camazine & Blumenthal, P.C., St. Louis, MO, for appellant.

K. Lee Marshall, Michael Duvall, Hannah F. Preston, Bryan Cave LLP, Katherine M. Wessling, Legal Advocates for Abused Women, St. Louis, MO, for respondent.

KATHIANNE KNAUP CRANE, Judge.

Respondent appeals from the judgment of the trial court entering a full order of protection against him pursuant to the Adult Abuse Act, sections 455.010 through 455.090 RSMo (Supp.2007). On appeal, respondent challenges the sufficiency of the evidence in support of the order of protection, and asserts that the trial court did not afford respondent an adequate opportunity to present evidence or to cross-examine petitioner. The order of protection expired on April 30, 2008, and the appeal was not submitted until February 4, 2009. We dismiss the appeal as moot.

On September 27, 2007, petitioner, M.W., filed an Adult Abuse/Stalking Petition for Order of Protection against respondent, Robert B. Mabry. After a hearing, the trial court entered a full written order of protection against respondent that was effective until April 30, 2008. Respondent sought a rehearing. After the rehearing on November 28, 2007, the trial court upheld the original full order of protection.

On January 4, 2008, respondent requested leave to file a late notice of appeal, which we granted. Respondent filed his notice of appeal on February 7, 2008. We granted respondent's request for an extension of time until July 23, 2008, to file the Record on Appeal. On July 24, 2008, we ordered respondent to show cause why the appeal should not be dismissed as moot because the order of protection had expired on April 28, 2008, and the appeal was not yet under submission. Respondent filed a response to that order, and we ordered the issue taken with the case.

■ An appeal is moot when, as here, it is taken from an order of protection that has expired during the pendency of the appeal. See T.D.H. v. O'Connell, 258 S.W.3d 850, 851 (Mo.App.2008); Jenkins v. McLeod, 231 S.W.3d 831, 833 (Mo.App. 2007); Reay v. Philips, 169 S.W.3d 896, 896 (Mo.App.2005); Snyder v. Snyder, 136 S.W.3d 843, 843 (Mo.App.2004). "As a general rule, moot cases must be dismissed." T.D.H., 258 S.W.3d at 851.

■ We may, however, exercise our discretion to decide a moot question if it falls within one of two narrow exceptions to this rule. Id.; Jenkins, 231 S.W.3d at 833. The first exception applies if the issue became moot after the case was argued and submitted to the appellate court. T.D.H., 258 S.W.3d at 851. That has not occurred in this case. The second exception applies if the appeal presents an issue that " '(1) is of general public interest and importance, (2) will recur, and (3) will evade appellate review in future live controversies.' " Id. (quoting Kinsky v. Steiger, 109 S.W.3d 194, 195 (Mo.App.2003)). Under this exception, the "question becomes whether the appeal puts at stake some legal principle on a public question not previously ruled." In the Interest of L.W., 882 S.W.2d 290, 291 (Mo.App.1994). If either exception applies, our "decision to dismiss for mootness becomes discretionary rather than mandatory." T.D.H., 258 S.W.3d at 851.

■ In his two points on appeal, respondent challenges the sufficiency of the evidence of abuse and claims that the trial court "failed to hold an adversarial hear-

ing" because the court did not give him an adequate opportunity to present evidence or cross-examine witnesses in that it restricted the scope of respondent's testimony and cross-examination on the grounds of relevance.[1] Challenges to the sufficiency of the evidence to support lapsed protective orders under the Adult Abuse Act are generally not of sufficient public interest to fall within the public interest exception. *T.D.H.*, 258 S.W.3d at 851; *Jenkins*, 231 S.W.3d at 833; *Oplotnik v. Alexander*, 105 S.W.3d 923, 925 (Mo.App.2003); *McGrath v. McGrath*, 939 S.W.2d 46, 47 (Mo.App.1997); *L.W.*, 882 S.W.2d at 291. Likewise, a challenge to a trial court's evidentiary rulings excluding evidence as irrelevant does not invoke a question of sufficient public interest to merit review of a moot question. *McGrath*, 939 S.W.2d at 47.

 In his response to the show cause order, respondent contends that this appeal should not be dismissed as moot because of "the significant damage to his reputation caused by the entry of an order of protection branding him a stalker and the potential for his prosecution for violations of the order of protection even after its expiration." The potential for future injury "does not change the lack of a *current* legal controversy." *In re J.L.R.*, 257 S.W.3d 163, 166 (Mo.App.2008) (emphasis in original). Additionally, respondent's interest in personal vindication is insufficient to overcome the mootness of the underlying questions in this appeal. *See T.D.H.*, 258 S.W.3d at 851; *L.W.*, 882 S.W.2d at 291. A party's desire to have a "blemish" expunged from his or her legal record is insufficient to invoke the public interest exception. *Reay*, 169 S.W.3d at 897.

In this case, the issues on appeal do not go beyond the sufficiency of the evidence and the trial court's exclusion of evidence as irrelevant. We have reviewed the respondent's contentions and conclude there is no issue of adequate public interest in this appeal that would give us discretion to review his claim, and over which we would exercise that discretion. We therefore dismiss the appeal as moot.

*Conclusion*

The appeal is dismissed as moot.

NANNETTE A. BAKER, C.J. and MARY K. HOFF, J., concur.

---

**1.** Our review is confined to errors set out in the points relied on. *Fisher v. Bauer Corp.* 239 S.W.3d 693, 700 n. 6 (Mo.App.2007). We do not review errors that appear only in the argument portion of the brief. *Id.*