**Christopher WARLICK, Respondent,**

**v.**

**Tasha WARLICK, Appellant.**

**No. ED 92284.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 6, 2009.

Elizabeth Harris Christmas, St. Louis, MO, for appellant.

Christopher Warlick, St. Louis, MO, pro se.

LAWRENCE E. MOONEY, Judge.

Tasha D. Warlick appeals from the judgment of the trial court granting Christopher Warlick a full order of protection against her pursuant to the Adult Abuse Act, Sections 455.010 through 455.090 RSMo 2000. We dismiss the appeal as moot.

### Factual and Procedural Background

Tasha Warlick and Christopher Warlick were formerly married. Mr. Warlick filed a petition for an order of protection against his ex-wife. On November 5, 2008, following a hearing, the trial court entered its judgment granting a full order of protection in favor of Mr. Warlick and against Ms. Warlick, upon a finding of stalking. The order of protection expired on June 30, 2009, unless "sooner terminated or renewed." There is no indication in the record that the order has been renewed.

Ms. Warlick appeals the trial court's judgment. Her sole claim on appeal is a challenge to the sufficiency of the evidence to support the issuance of an order of protection. She contends the evidence was inadequate to establish that she had stalked her ex-husband. Ms. Warlick argues she is harmed by the court's erroneous ruling because of the damage to her reputation caused by the entry of an order of protection branding her as a stalker. The appeal was submitted to this Court on September 17, 2009, over two months after the expiration of the order of protection.

### *Discussion*

"A case is moot where an event occurs that makes the court's decision unnecessary or makes it impossible for the court to grant effectual relief." *Reay v. Philips,* 169 S.W.3d 896 (Mo.App. E.D. 2005). "A decision by this Court regarding an order of protection that has expired is unnecessary and it is impossible for us to grant any relief." *Id.* The order of protection from which Ms. Warlick appeals expired on June 30, 2009, and is no longer in effect; this appeal was not submitted until September 17, 2009. Therefore, this appeal is moot. *See, e.g., MacFarlane v. Wheeler,* 285 S.W.3d 818, 819 (Mo.App. E.D.2009); *MacFarlane v. Wheeler,* 285 S.W.3d 424, 425 (Mo.App. E.D.2009); *M.W. v. Mabry,* 282 S.W.3d 33, 35 (Mo. App. E.D.2009); *Carlisle v. Carlisle,* 277 S.W.3d 801, 802 (Mo.App. E.D.2009); *T.D.H. v. O'Connell,* 258 S.W.3d 850, 851 (Mo.App. E.D.2008); *Reay,* 169 S.W.3d at 896.

"As a general rule, moot cases must be dismissed." *M.W.,* 282 S.W.3d at 35 (internal quotation omitted). There are, however, two narrow exceptions to this general rule under which the Court may exercise its discretion to hear the appeal and decide a moot question. *M.W.,* 282 S.W.3d at 35. First, we may consider the appeal if the case becomes moot after it has been argued and submitted. *Id.* Second, we may consider the appeal if the case presents an issue that: "(1) is of general public interest and importance, (2) will recur, and (3) will evade appellate review in future live controversies." *Id.* (internal quotation omitted). If an appeal falls within either of these two exceptions to the mootness doctrine, this Court's "decision to dismiss for mootness becomes discretionary rather than mandatory." *Id.*

The instant case does not fall within either of these narrowly construed exceptions. First, this case became moot prior to, not after, submission to this Court. And second, Ms. Warlick's challenge to the sufficiency of the evidence is not of adequate public interest to bring the case within the public-interest exception. *See, e.g., MacFarlane,* 285 S.W.3d at 820; *MacFarlane,* 285 S.W.3d at 426; *M.W.,* 282 S.W.3d at 36; *Carlisle,* 277 S.W.3d at 802; *T.D.H.,* 258 S.W.3d at 851; *Jenkins v. McLeod,* 231 S.W.3d 831, 833 (Mo.App. E.D.2007). Additionally, Ms. Warlick's "interest in personal vindication is insufficient to overcome the mootness of the underlying questions in this appeal." *M.W.,* 282 S.W.3d at 36. "A party's desire to have a 'blemish' expunged from his or her legal record is insufficient to invoke the public interest exception." *M.W.,* 282 S.W.3d at 36; *see also, e.g., Carlisle,* 277 S.W.3d at 802; *T.D.H.,* 258 S.W.3d at 851; *Reay,* 169 S.W.3d at 897.

We dismiss the appeal.

GLENN A. NORTON, P.J., and MARY K. HOFF, J., concur.