**Deborah LEIMKUHLER, Respondent,**

v.

**Cheryl GORDON, Appellant.**

**No. WD 70003.**

Missouri Court of Appeals, Western District.

Nov. 10, 2009.

Mark Allen Jess, Kansas City, MO, for appellant.

Respondent acting pro se.

Before ALOK AHUJA, P.J., JAMES M. SMART, JR., and LISA WHITE HARDWICK, JJ.

JAMES M. SMART, JR., Judge.

Cheryl Gordon appeals the final judgment and full order of protection issued against her by the Jackson County Circuit Court. She claims the judgment is not supported by substantial evidence that the claimant was being stalked. We remand to the trial court with instructions to vacate the order of protection.

## Facts

Deborah Leimkuhler, an employee of the United States Postal Service, filed a petition against her co-worker, Cheryl Gordon, for an order of protection under the Adult Abuse Act.[1] Leimkuhler pleaded that Gordon abused her and stalked her. The court issued an *ex parte* order of

protection and set a hearing date for a full order of protection. The court subsequently issued amended *ex parte* orders of protection and set new hearing dates for a full order of protection.

At the hearing, which consisted of two stages several months apart, Leimkuhler, the petitioner, testified that Gordon "threw mail" at her and "kicked" her foot, and harassed her by complaining about her to her supervisor. Leimkuhler said Gordon also left a note on her desk in late 2007 calling her "a bitch" and "stupid." She testified that Gordon had also "slammed doors," and had kicked tubs "in a manner so that the tubs would hit" her.

She also testified that, during an incident in March of 2008, Gordon pulled her left ear, pushed her, and slapped her hand. Leimkuhler said that on that occasion she was afraid, screamed for help, and went to another location. She called her boss and also immediately asked for help from the union. In response to the incident, her employer promptly moved her to a new work location where there would be no further contact between the two. Leimkulhler also that same day filed her petition for an *ex parte* protective order under the Adult Abuse Act.

After the move to the different work location, Leimkuhler saw Gordon only twice. Both occasions were non-eventful. One occasion involved Gordon being in the hallway when Leimkuhler was going to the restroom and Gordon was evidently going to the "break room." The other occasion involved Leimkuhler getting off the elevator on a floor where Gordon was present. Gordon observed Leimkuhler and left.

1. The preprinted form petition provided to Leimkuhler by Jackson County unfortunately did not reflect the definition of stalking in section 455.010 as revised in 2004 and was not the form provided by the Missouri Supreme Court pursuant to section 455.073. We recommend this deficiency be rectified promptly if it has not already been rectified.

The hearing was handled in two sessions. The parties first appeared May 5, 2008. Leimkuhler requested a continuance. The court granted a continuance to the petitioner, but allowed Gordon to present testimony from her witnesses so that they would not have to miss work again at the next hearing. The court then received testimony from Leimkuhler and from Gordon two months later on July 7, 2008.[2]

The court issued a judgment and full order of protection finding that there had been both abuse and stalking. Gordon appeals the full order of protection.

### Standard of Review

■ "The judgment of the trial court must be affirmed unless there is no substantial evidence to support the judgment, it is against the weight of the evidence, or the trial court erroneously declares or applies the law." *George v. McLuckie*, 227 S.W.3d 503, 505 (Mo.App.2007) (*citing Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). "Substantial evidence is competent evidence from which the trier of fact could reasonably decide the case." *Id.*

■ The "reviewing authority defers to the trial court's determinations of credibility." *Id.* "It considers the facts and inferences supporting the judgment." *Id.*

### Adult Abuse Act

The Adult Abuse Act is located in section 455.010 through section 455.090. Section 455.020.1, RSMo 2000, provides that an adult may seek an order of protection if: (1) the adult "has been subject to *abuse* by a present or former adult family or household member"; or (2) without regard to any familial or domestic relationship, if the adult "has been the victim of *stalking*." To obtain an order of protection, the petitioner must plead and prove that she is the victim of *abuse by a family or household member* or that she is the victim of *stalking*.

Leimkuhler is not a present or former household or family member of Gordon. The only contact between the two has been in the workplace. Thus, we fail to see that an order of protection could lawfully be issued under the statute on the basis of "abuse." Due to an extremely busy docket of adult abuse cases, the court's finding of abuse may have occurred as a result of the inadvertent marking of the box on the form order. In any event, any order issued on the basis of "abuse" cannot be sustained.

■ Section 455.010, RSMo Cum Supp.2004, defines "stalking" as occurring when an adult "purposely and repeatedly engages in an unwanted course of conduct that causes alarm to another person when it is reasonable in that person's situation to have been alarmed by the conduct." "Alarm" refers to "fear of danger of physical harm." Section 455.010(10)(c). In order to be entitled to a full order of protection, the petitioner must present substantial evidence that the alleged stalker: (1) purposely and repeatedly; (2)

2. The two witnesses (not USPS co-workers, but employees in offices in a building at which the two then delivered mail) testified that the respondent, Gordon, generally and characteristically demonstrated a peaceable disposition, while they regarded Leimkuhler, the petitioner, as generally provocative. When the court convened again two months later, the court candidly acknowledged that it could not remember the testimony of the witnesses from the last setting, which is not surprising given the fast-moving, extremely busy and overflowing nature of the typical adult abuse docket. Thus, because there was no transcript, the court did not consider the evidence presented previously. There is, of course, no way to know whether the trial court would have reached the same conclusion in the matter if the court had been able to recall the earlier testimony.

engaged in an unwanted course of conduct; (3) that caused alarm to the petitioner; (4) when it was reasonable in his or her situation to have been alarmed by the conduct. *See S.A. v. Miller*, 248 S.W.3d 96, 99 (Mo.App.2008). "A plaintiff must show that a defendant's conduct caused him fear of danger of physical harm as stated in the statutory definition of alarm." *Schwalm v. Schwalm*, 217 S.W.3d 335, 337 (Mo.App.2007).

## Jurisdiction

■ We examine our own jurisdiction *sua sponte*. The order of protection at issue in this case has recently expired. There is no indication that the order has been renewed. Many cases involving expired protection orders have found appeals to be moot. *See, e.g., MacFarlane v. Wheeler*, 285 S.W.3d 818, 820 (Mo.App. 2009) ("The orders of protection expired prior to the argument of this case on appeal, and we decline to exercise our discretion to review the issues because they do not fall within the public interest exception to the mootness doctrine."); *M.W. v. Mabry*, 282 S.W.3d 33, 35 (Mo.App.2009) ("An appeal is moot when, as here, it is taken from an order of protection that has expired during the pendency of the appeal."). Generally, it accords with traditional and recognized principles to regard such expired orders as moot. While the law does recognize specific exceptions to invoking the doctrine of mootness, (*see, e.g., Glover v. Michaud*, 222 S.W.3d 347, 350–51 (Mo. App.2007)), we see no indication that the circumstances here warrant addressing the merits. The order is expired. The matter is moot because no action we would take could alter the legal circumstances between the two.

The next question is whether to simply dismiss the appeal or to take the more unusual action of remanding the case for vacation of the judgment in the trial court. Appellant has not requested vacatur, which courts frequently grant upon request of an appellant when a judgment has become moot through no fault of the appellant. *Chastain v. City of Kansas City*, 968 S.W.2d 232, 242–43 (Mo.App.1998). A court may consider vacatur even without a specific request when there are equitable considerations supporting the fairness of vacating the judgment. *See id.* at 242 (granting vacatur of a judgment appealed by the City of Kansas City for equitable reasons although the City had not requested it). One consideration here is that, as noted in footnote 2, we cannot know whether the trial court would have issued an order of protection if the court had been able to recall the testimony presented in the first portion of the hearing. A second consideration supporting the latter course is the possibility that the matter had already become moot before the hearing on the full order of protection. Any contact between Leimkuhler and Gordon was related exclusively to the workplace. Any "stalking" would have occurred only at work, where Leimkuhler's supervisors and the union had already apparently addressed the problem at the time of the hearing.[3] *See, e.g., Pope v. Howard*, 907 S.W.2d 257, 258 (Mo.App.1995) (noting the order of protection was moot because, *inter alia*, one of the parties had moved out of the state at the time of the appeal). Finally, though we do not review the evidence in this case, we are not confident

---

**3.** We do not say categorically that no protective order should ever be issued when the alleged stalking takes place in a supervised workplace. Conceivably, it was the *ex parte* order, and not the intervention of supervisors, that caused a cessation of friction here. But the existence of doubt that judicial intervention was necessary is another consideration suggesting that a remand for purposes of vacating the order is appropriate.

that the evidence would support a finding of "stalking." [4]

## Conclusion

Because the full order of protection has expired, and nothing we can do will affect the legal relations between the parties, the matter has become moot. In the absence of an actual controversy, an appellate court ordinarily will dismiss the appeal "or will remand the moot cause with directions to the trial court to vacate the judgment and dismiss the cause." *Joplin Waterworks Co. v. Jasper County*, 327 Mo. 964, 38 S.W.2d 1068, 1075 (1931). For the foregoing reasons, we remand this matter to the trial court to vacate the order of protection and dismiss the petition.

All concur.

---

4. Leimkuhler stated that the March "ear-pulling" incident caused her fear for her safety. She presented no testimony that any of the other incidents caused her any alarm as to her physical safety. If actually "alarmed" (rather than merely annoyed) in any of the other incidents, Leimkuhler perhaps would have done the very thing she did in the ear-pulling incident: notify her supervisor and the union. Instead, Leimkuhler waited months (until the ear-pulling incident) to express any fear. Thus, while we do not address the "stalking" issue on the merits because of mootness, we have significant doubts about whether the evidence could support a finding of "stalking."