**Elizabeth WORRELL, Respondent,**

v.

**Alif TERRANSON, Appellant.**

**No. ED 92912.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 2, 2010.

Alif Terranson, St. Louis, MO, pro se.
Elizabeth Worrell, Bethelto, IL, pro se.

ROY L. RICHTER, Judge.

Alif Terranson ("Terranson") appeals the trial court's order granting a Full Order of Protection against him. We dismiss Terranson's appeal as moot.

## I. BACKGROUND

Elizabeth Worrell ("Worrell") filed for an order of protection against Terranson on February 20, 2009. The trial court entered the Full Order of Protection ("the Order") on March 4, 2009, set to expire September 3, 2009.

Terranson filed an appeal of the order with this Court on April 13, 2009. The appeal was submitted to this Court on October 6, 2009.

## II. DISCUSSION

In his two points on appeal, Terranson argues that the trial court erred first because Worrell's petition failed to state a claim for which relief could be granted, and second because there was insufficient evidence in the record to support any allegations of abuse or stalking. We decline to reach the merits of Terranson's two points because we find the appeal to be moot.

The trial court issued the order on March 4, 2009 to run for six months.[1] The order expired on September 3, 2009, and therefore expired prior to the appeal's submission to this Court. An appeal is moot when, as here, it is taken from an order of protection that has expired during the pendency of the appeal. *M.W. v. Mabry*, 282 S.W.3d 33, 35 (Mo.App. E.D.2009).

We may exercise our discretion to decide a moot question if it falls within one of two narrow exceptions to this rule: (1) the issue became moot after the case was argued and submitted to the appellate court; or (2) the appeal presents an issue of general public interest and importance that will recur, and will evade appellate review in future live controversies. *Id.*

Although Terranson filed his appeal before the order expired, the order expired before the appeal was submitted and we decline to exercise our discretion to hear a moot question because there would be little precedential value in addressing Terranson's points on appeal. Further, because the order has already expired there would be little relief a favorable decision would afford Terranson. Both of his points on appeal essentially challenge the sufficiency of evidence presented by Worrell. Challenges to the sufficiency of evidence to support lapsed protective orders are generally not of sufficient public interest to fall within the public interest exception. *Id.* at 36. Nor is a respondent's interest in personal vindication. *Id.*

Therefore, we find the issues presented to this Court to be moot. We have reviewed Terranson's contentions and conclude there is no issue of adequate public interest or precedential value in this appeal that would cause us to review the claims. We dismiss the appeal as moot.

## III. CONCLUSION

The appeal is dismissed.

KENNETH M. ROMINES, C.J., and KURT S. ODENWALD, J., concur.

1. The first page of the order states that the order of protection is to expire September 3, 2010. However, the third page of the order states that the order is to expire September 3, 2009. This second date is also in accordance with Judge Clark's statement on the record that he was issuing a six-month order of protection. Further, Section 455.040(1) RSMo 2000 states that an order of protection cannot extend past one year in length. We therefore find that the order was intended to, and did expire September 3, 2009.