Lezlee LUCAS, Respondent,

v.

John LUCAS, Appellant.

No. ED 93175.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 13, 2010.

Susan M. Hais, Robert Dennis, Clayton, MO, for Appellant.

Cary J. Mogerman, Stephanie L. Jones, Joseph J. Kodner, St. Louis, MO, for Respondent.

GEORGE W. DRAPER III, Judge.

John Lucas (hereinafter, "Husband") appeals from the trial court's judgment denying his motion to dismiss Lezlee Lucas' (hereinafter, "Wife") motion for a temporary restraining order and preliminary injunction pendente lite. We dismiss this appeal as moot.

Wife initiated a dissolution proceeding against Husband on October 26, 2006. During the course of the contentious litigation, Wife filed a Verified Application for Temporary Restraining Order and Preliminary Injunction Pendente Lite on November 20, 2007. Wife sought a temporary restraining order pursuant to Section 452.315.2(1) RSMo (2000)[1] to restrain Husband from transferring, concealing, disposing, or otherwise diminishing marital property, except in the usual and ordinary course of business and for the necessities of life. Wife also requested Husband to issue an accounting to her for any extraordinary expenditures or liquidation of marital property. On March 24, 2008, the trial court entered its judgment (hereinafter, "the March judgment") granting Wife a temporary restraining order and ordering:

[Husband] shall not transfer, encumber, conceal or in any way dispose of or dissipate any property, whether marital or separate, except in the usual course of business or for the necessities of life. [Husband] shall not make any extraordinary expenditure for any purpose without prior agreement of [Wife], or prior Order of the Court. This Order shall remain in effect until further Court Order.

Husband did not file a motion to set aside the judgment or seek an appeal of this ruling.

Wife subsequently filed a Motion to Cite and Punish Husband for Contempt and a separate Motion to Preserve a Marital Asset on September 22, 2008, alleging Husband violated the March judgment by disposing of or dissipating assets without her prior agreement. On October 3, 2008, Husband filed a response and a motion to dismiss Wife's motions because she failed to comply with Section 526.070. On June 1, 2009, Husband filed another motion to dismiss, claiming the March judgment was null and void because Wife failed to post a bond pursuant to Section 526.070.

The trial court held a hearing on these issues on June 2, 2009, and issued its judgment thereafter (hereinafter, "the June judgment"). The trial court denied Husband's motion to dismiss and granted Wife relief. The trial court found there was no just reason for delaying an appeal of its denial of Husband's motion.

Husband filed his notice of appeal with this Court on June 11, 2009, to appeal the June judgment. While this appeal was pending, the trial court issued its judgment dissolving the parties' marriage on November 18, 2009. Husband filed his appellant's brief on December 1, 2009. Wife filed a motion to dismiss Husband's appeal on December 30, 2009. Wife al-

---

1. All statutory references are to RSMo (2000) unless otherwise indicated.

leged the June judgment did not constitute a final appealable judgment, despite the trial court's certification. Husband filed a response, stating, "Although [Husband] is taking this appeal from the [June judgment], the crux of [Husband's] appeal is the [March judgment]." Wife's motion was taken with the case and further expounded upon in her respondent's brief. This appeal was taken under submission by this Court on March 31, 2010, approximately four months after the trial court entered the dissolution judgment.

As a threshold matter, we must determine whether a controversy has been rendered moot prior to undertaking appellate review. *Adams v. City of Manchester*, 242 S.W.3d 418, 428 (Mo.App. E.D. 2007). "A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." *Reynolds v. City of Valley Park*, 254 S.W.3d 264, 266 (Mo.App. E.D.2008)(*quoting Precision Invs., L.L.C. v. Cornerstone Propane, L.P.*, 220 S.W.3d 301, 304 (Mo. banc 2007)). Stated differently, "[w]hen there is an occurrence that makes a court's decision unnecessary or makes granting any relief by the court impossible, then the issue is moot and should not be addressed." *State ex rel. Goodman v. St. Louis Bd. of Police Comm'rs*, 181 S.W.3d 156, 160 (Mo.App. E.D.2005). Mootness implicates justiciability, and therefore, we may dismiss a case for mootness *sua sponte*. *In re Estate of Washington*, 277 S.W.3d 777, 780 (Mo.App. E.D.2009).

As a general rule, Missouri courts do not decide moot issues. *MacFarlane v. Wheeler*, 285 S.W.3d 424, 425 (Mo.App. E.D.2009). This Court has discretion to decide a moot question, however, if it falls within one of two narrow exceptions to this rule. *M.W. v. Mabry*, 282 S.W.3d 33, 35 (Mo.App. E.D.2009). First, we may address issues that have become moot after the appeal has been argued and submitted. *Carlisle v. Carlisle*, 277 S.W.3d 801, 802 (Mo.App. E.D.2009)(*quoting M.W.*, 282 S.W.3d at 35). Second, we may address the issue if the appeal presents an issue that: "(1) is of general public interest and importance, (2) will recur, and (3) will evade appellate review in future live controversies." *Warlick v. Warlick*, 294 S.W.3d 128, 130 (Mo.App. E.D.2009).

Neither of these narrowly construed exceptions apply. First, the issue became moot prior to the appeal being argued and submitted to this Court. Moreover, Section 452.315.6(3) states a temporary restraining order or injunction "[t]erminates when the final judgment is entered or when the petition for dissolution or legal separation is voluntarily dismissed." The trial court entered its final judgment on November 18, 2009, and as a result, the temporary restraining order was terminated, rendering this appeal moot. Second, the appeal does not present an issue of general importance, nor will it recur, and this specific issue will not evade appellate review given the likelihood one or both of the parties will appeal the trial court's dissolution judgment. Wife's motion to dismiss Husband's appeal is granted.

The appeal is dismissed.

KURT S. ODENWALD, P.J., and GARY M. GAERTNER, JR., J., concur.