## ORDER

**E.G.D., Respondent,**

v.

**S.L.D., Appellant.**

**No. ED 94767.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 5, 2011.

Stephen R. Fleddermann, St. Charles, MO, for Appellant.

Elliott I. Goldberger, Clayton, MO, for Respondent.

ROY L. RICHTER, Chief Judge.

S.L.D. ("Father") appeals the orders of protection entered against him by the trial court. We reverse and remand.

## I. BACKGROUND

On January 25, 2010, Father had a drunken altercation with his wife, E.G.D. ("Mother") while Mother was putting their children ("Daughter" and "Son") to bed. Daughter was 6–years old and Son was 4–

years old. At the time, Mother and Father had gone through a trial separation but were trying to reconcile.

Mother called her stepfather ("Stepfather") to come over and help with Father's behavior. Mother also called Father's brother and left a message that Father was out of control and that she needed help with him. Father continued to yell and scream, and Mother called the police.

The police came and separated Father and Mother. Mother and Father began to argue again. Mother then called the police again and went outside. Mother told the police that Father was trying to drive the car with Daughter and that he was drunk.

The police arrived and told Father that he could either go downtown or leave with his brother who had arrived at the house in response to Mother's phone call. Father left with his brother. Mother's mother ("Grandmother") took the children to her home and Stepfather followed with Mother. Mother and the children stayed with Stepfather and Grandmother for three days.

After Mother arrived at Grandmother's house, Daughter was sitting on Mother's lap. There was a bunch in Mother's zipper, and Daughter noted that the bunch felt like "daddy's boy parts when they poked [her]." Mother questioned Daughter about it and according to Mother, Daughter stated that Father had touched her vagina with his penis. Mother called the police and told them what Daughter had said. Officer Matthew Caravella ("Officer Caravella"), Officer Kim Mueller ("Officer Mueller"), and Officer Brad Mueller arrived at the house shortly thereafter and spoke to Mother and Daughter. Daughter told Officer Mueller that her father had touched her vagina both with his fingers and his penis, and did so while drunk.

On March 11, 2010, the trial court held a hearing after Mother filed for orders of protection for herself, Son and Daughter. At the hearing Mother testified, over objection, to hearsay statements made by Daughter about the contact between Daughter and Father. Officer Caravella also testified that Mother said that Daughter told her that her jacket "felt like daddy's private parts." Officer Mueller also testified that Daughter told her that Father's "boy parts touched her girl parts." At the end of evidence, the trial court issued a Full Order of Protection for Mother, and Full Orders of Child Protection ("the orders") for Daughter and Son against Father. Father appeals.

## II. DISCUSSION

■ In his first point on appeal, Father argues that the trial court erred in admitting the hearsay statements of Daughter through the testimony of Mother, Officer Caravella, and Officer Mueller. We agree.

■ "The judgment of the trial court must be affirmed unless there is no substantial evidence to support the judgment, it is against the weight of the evidence, or the trial court erroneously declares or applies the law." *Leimkuhler v. Gordon*, 297 S.W.3d 622, 624 (Mo.App. W.D.2009), citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "Substantial evidence is competent evidence from which the trier of fact could reasonably decide the case." *Id.* We have reviewed the record and the only evidence on which the trial court could have relied is inadmissible hearsay.

Respondent argues that *In re Marriage of P.K.A.*, 725 S.W.2d 78 (Mo.App. S.D. 1987) creates an exception to the hearsay rule. However, Section 455.516 RSMo was

enacted after *P.K.A.*[1]

The provisions of Section 491.075 RSMo Cum Supp 2008, relating to the admissibility of statements of a child under the age of 12, shall apply to any hearing relating to orders of child protection. Section 455.516.1 RSMo Cum Supp 2005.

Section 491.075 states:

1. A statement made by a child under the age of fourteen relating to an offense under chapter 565, 566, 568 or 573, RSMo, performed with or on a child by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted if:

(1) The court finds, in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

(2) (a) The child testifies at the proceedings; or

(b) The child is unavailable as a witness; or

(c) The child is otherwise physically available as a witness but the court finds that the significant emotional or psychological trauma which would result from testifying in the personal presence of the defendant makes the child unavailable as a witness at the time of the criminal proceeding.

Here, the trial court admitted the hearsay statements of Daughter without holding a hearing as required by Section 491.075(1). Further, Daughter was · not called as a witness, and there is no evidence that Daughter was unavailable or that she would have suffered an emotional or psychological trauma as a result of testifying as is required by Section 491.075(2).

Therefore, we find that the trial court erred in admitting the hearsay statements of Daughter without holding a hearing determining the reliability of Daughter's statements, and without evidence that Daughter was unavailable or would be traumatized by testifying. Point granted.

■ Because we find Father's first point to be dispositive, we need not address his other points. "Issues that are not essential to a disposition of the case should not be addressed." *O'Hare v. Permenter*, 113 S.W.3d 287, 289 (Mo.App. E.D.2003) (quoting *State v. Kinkead*, 983 S.W.2d 518, 520 (Mo. banc 1998)).

### III. CONCLUSION

We reverse and remand.

KENNETH M. ROMINES, J., and DAVID ASH, SP. J., concur.

---

1. Section 455.516 RSMo was originally enacted in 1987, and has since been amended in 1989, 1995, 2003, and 2005.