330 S.W.3d 517 (2010)
In the Matter of S.L.C., a Minor.
Samantha Cerutti Wacker, Petitioner-Respondent,
v.
Kerry Lynn Kling and Kathleen Kling, Respondents-Appellants.
No. ED 94391.
Missouri Court of Appeals, Eastern District, Division Three.
November 23, 2010.
Motion for Rehearing and/or Transfer to Supreme Court Denied December 28, 2010.
Application for Transfer Denied March 1, 2011.
*518 John C. Maxwell, Ron Ribaudo, St. Charles, MO, for appellant.
David L. Baylard, Union, MO, for respondent.
Before SHERRI B. SULLIVAN, P.J., CLIFFORD H. AHRENS, J., and LAWRENCE E. MOONEY, J.

OPINION
PER CURIAM.
Kerry Lynn Kling (Mother) and Kathleen Kling (Grandmother) appeal the circuit court's judgment granting full guardianship of S.L.C. (Child) to her paternal aunt Samantha Cerutti Wacker (Aunt).
Child was born to Mother and James Joseph Cerutti, IV (Father) in October 2004. The couple had separated in March of that year and eventually divorced in 2007. On January 30, 2009, Aunt petitioned for guardianship based on concerns for Child's welfare. The petition alleged that Mother was unfit and unable to care for Child. Concurrently, Father filed a waiver and consent to the appointment of his sister as guardian. The trial court issued an ex parte order granting Aunt temporary guardianship. Child has been residing in Aunt's home since February 2, 2009.
After an evidentiary hearing that took place over the course of eight nonconsecutive days between April 2009 and January 2010, the trial court found, in sum, that Mother was an unfit parent, Grandmother was equally unfit to serve as guardian, and Child's best interests would be served by granting full guardianship to Aunt. Mother and Grandmother appeal, asserting inter alia that the trial court erred by appointing Aunt as temporary guardian ad litem without notice or a hearing in violation of her due process rights.
In essence, Mother objects to the ex parte nature of the temporary order that the court issued based on Aunt's petition prior to trial. Aunt urges us to dismiss this point because ex parte orders are temporary and thus not subject to appellate review. We agree. Section 475.097 permits the probate court to appoint a guardian ad litem, without notice to the natural guardian, pending a hearing on the underlying petition for permanent guardianship. In this way, the statute clearly authorizes the court to issue a temporary ex parte order, which by its very nature expires and is superseded by the court's subsequent judgment on the merits. Murray v. Hunter, 321 S.W.3d 447, 450 n. 2 (Mo.App.2010) (temporary letters are superseded by later issuance of full letters). As such, temporary orders are not subject *519 to review, either by interlocutory appeal (Saeuberlich v. Saeuberlich, 782 S.W.2d 78 (Mo.App.1989)) or when couched in an appeal of the final judgment as Mother attempts here. (Lucas v. Lucas, 307 S.W.3d 712 (Mo.App.2010) (temporary order terminated upon final judgment rendering point moot)). Mother's appeal on this point, challenging the temporary order of guardianship, is dismissed.[1]
We have reviewed Mother's remaining points on appeal. Because a written opinion would serve no jurisprudential purpose, those points are discussed in an unpublished memorandum, provided only to the parties, and denied pursuant to Rule 84.16(b). The judgment granting full guardianship is affirmed.
NOTES
[1] This court may exercise its discretion to decide a moot question when the issue: is of general interest and importance, will recur, and will continue to evade appellate review. Lucas at 714. Even if we were to exercise that discretion here, Missouri courts recognize the constitutionality of temporary ex parte orders aimed to protect children pending a hearing on the merits of the underlying petition. State ex rel. Williams v. Marsh, 626 S.W.2d 223 (Mo.1982).