

# In the Missouri Court of Appeals
# Eastern District

**DIVISION THREE**

| | | |
|---|---|---|
| BENJAMIN W. WAGNER, | ) | No. ED109495 |
| | ) | |
| Appellant, | ) | |
| | ) | Appeal from the Circuit Court |
| | ) | of St. Francois County |
| vs. | ) | Cause No. 20SF-CC00011 |
| | ) | |
| ANN PRECYTHE, et al., | ) | Honorable Patrick L. King |
| | ) | |
| Respondents. | ) | Filed: March 1, 2022 |

## OPINION

Benjamin W. Wagner ("Appellant") appeals the trial court's judgment dismissing his amended petition. In his two points on appeal, Appellant argues the trial court erred in dismissing his amended petition on the grounds that: 1) sovereign immunity barred suit against the named State officials and employees and 2) Appellant failed to exhaust his administrative remedies prior to bringing suit. We dismiss for mootness.

## I.      Factual and Procedural Background

While in the custody of the Missouri Department of Corrections ("DOC") and incarcerated at Farmington Correctional Center, Appellant filed an amended petition for declaratory and injunctive relief. The amended petition named various DOC officials and employees and a nurse employed by Corizon to work at Farmington Correctional Center (collectively, "Respondents").

1

In his amended petition, Appellant alleged that Respondents violated his rights under the Americans with Disabilities Act by failing to accommodate his hearing loss. Appellant sought an injunction ordering that audio-to-FM transmitters be provided on all DOC televisions. Respondents moved to dismiss Appellant's amended petition on multiple grounds. The trial court granted Respondents' respective motions to dismiss.

This appeal follows. Respondents filed a motion to dismiss this appeal, contending that the case is moot because Appellant was released from prison during the pendency of the appeal, in December of 2021. The motion was taken with the case.

## II.    Discussion

A case is moot where "an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible[.]" *Grzybinski v. Dir. of Revenue*, 479 S.W.3d 742, 745 (Mo. App. E.D. 2016) (internal quotations and citation omitted). Here, Appellant asserted claims for declaratory and injunctive relief in his amended petition. "An injunction and declaratory judgment are equitable remedies." *Ballard v. City of Creve Coeur*, 419 S.W.3d 109, 117 (Mo. App. E.D. 2013). "Claims for equitable relief become moot upon a prisoner's release from custody or transfer from the institution in which he suffered the conditions of confinement which formed the basis for the equitable claims." *Inman v. Missouri Dept. Of Corr.*, 139 S.W.3d 180, 185 (Mo. App. W.D. 2004) (quoting *Cooper v. Gammon*, 943 S.W.2d 699, 707 (Mo. App. W.D. 1997)). As Appellant sought only declaratory and injunctive relief, his claims became moot upon his release from the custody of the DOC.

Appellant argues that this case falls within an exception to the mootness doctrine, providing our Court with discretionary jurisdiction to decide a moot case. *See City of Manchester v. Ryan*, 180 S.W.3d 19, 22 (Mo. App. E.D. 2005). Missouri courts have discretion to decide

2

moot cases if one of the following narrow exceptions applies: 1) the case becomes moot after it has been submitted and argued or 2) the matter is of general public interest and importance, will recur, and will otherwise evade appellate review. *Id.*

Appellant's case does not fall within the first exception because this appeal became moot *before* argument and submission in February of 2022. Appellant also failed to advance any reason, nor do we perceive any, to find the issue will evade appellate review in future live controversies. Thus, even if the issue is of public interest and importance and will recur, the second exception does not apply.

### III. Conclusion

We find this appeal is moot and no exception to the mootness doctrine applies. The motion to dismiss is granted, and we dismiss this appeal.

_____
Colleen Dolan, J.

Philip M. Hess, P. J., concurs.
Angela T. Quigless, J., concurs.

3